THURN v. WILLIAMS et al.

(Supreme Court, Appellate Term.　June 22, 1903.)

1. MASTER AND SERVANT—NEGLIGENCE—RESPONDEAT SUPERIOR.

Defendant, while driving his own horse and a wagon borrowed from his codefendant, negligently collided with plaintiff's horse and wagon. At the time, defendant was not in the employment of the codefendant, but was driving on his own account. *Held* not to show the relation of master and servant, and therefore the codefendant was not responsible for the accident, notwithstanding the evidence that the codefendant was defendant's son-in-law; that, after the collision, defendant stated that the horse or wagon, or both, belonged to the codefendant; and that the codefendant, the day after the accident, said he was sorry that it had happened, and that he would settle it in a decent way.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Frank Thurn against James Williams, impleaded with Fred H. Pontin. From a judgment for plaintiff, defendant Williams appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

John Goode, for appellant.
Daniel M. Van Cott, for respondent.

MacLEAN, J.　In this action, to recover damages for negligently causing the death of a horse and damaging a wagon and harness, the property of the plaintiff, the liability of the defendant Williams rests, if at all, upon the rule of respondeat superior, for he was not personally present when the collision of the teams driven by the driver of the plaintiff and the defendant Pontin occurred.　"But the doctrine of respondeat superior applies only when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged for the result of the wrong at the time and in respect to very transaction out of which the injury arose." Higgins v. Western Union Telegraph Co., 156 N. Y. 75, 78, 50 N. E. 500, 66 Am. St. Rep. 537.　That the defendant Williams was the son-in-law of his codefendant, or that after the collision the latter stated that the horse or wagon, or both, belonged to his son-in-law, or that the son-in-law, the day after the accident, said, "I am very sorry that it happened, and if he wouldn't ask too much, I would settle it in a decent way," even if in particular undenied, was clearly insufficient to bring him within the application of the rule, in the face of the sworn testimony of the two defendants, not otherwise impeached or contradicted, that Pontin was the owner of the horse, had borrowed the wagon, and at the time of the accident was not in the employment of his son-in-law, but was driving on his own account, favoring another.　The judgment against the defendant Williams must therefore be reversed, and a new trial ordered, with costs to abide the event.

Judgment against defendant Williams reversed, and a new trial ordered, with costs to appellant to abide the event.　All concur.